UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CECELIA LIGUORI,

      Plaintiff,

v.                                    Case No. 8:09-cv-1775-T-33AEP

ZALE DELAWARE, INC.,

      Defendant.

_____/

## ORDER

This matter is before the Court pursuant to the parties' Joint Motion to Approve FLSA Settlement and Agreement (the "Settlement Motion" Doc. # 23), which was filed on June 29, 2010. For the reasons that follow, the Court will grant the Settlement Motion in part.

## I.   Background

Plaintiff Cecelia Liguori ("Ms. Liguori") initiated this case on August 31, 2009, by filing a one-count complaint against Defendant Zale Delaware, Inc. ("Zale"), her former employer, alleging violation of the Fair Labor Standards Act. (Doc. # 1). Zale filed an answer and affirmative defenses on September 29, 2009. (Doc. # 4). Thereafter, the parties filed the Case Management Report on October 21, 2009. (Doc. # 5). The parties attended a mediation conference on May 21, 2010, which resulted in an

impasse. (Doc. # 20). No other relevant activity is revealed on the docket. The parties did not file dispositive motions or participate in any hearings.

On June 29, 2010, the parties filed the Settlement Motion, wherein they revealed that Ms. Liguori was to receive a total recovery of $17,000.00 and that her counsel, Vassallo, Bilotta, Friedman & Davis, P.A., was to receive $18,000.00; $15,500.00 of which represented attorney's fees. (Doc. # 23). Thereafter, on July 8, 2010, the Court entered an order denying the Settlement Motion without prejudice and directing Ms. Liguori's counsel to file an itemized statement reflecting the time and resources allocated to the present case. (Doc. # 24).

On July 13, 2010, Ms. Liguori's counsel filed an affidavit in support of the $15,500.00 fee requested. (Doc. # 26). In the affidavit, Ms. Liguori's counsel, Joseph Bilotta, Esq., submitted that he expended 72 hours of time at a reduced rate of $215.27 per hour, for a total of $15,500.00. (Doc. # 26). Mr. Bilotta also noted that his firm had accrued $2,500.00 in fees. (Doc. # 26).

## II.  **<u>Analysis</u>**

This Court is duty-bound to scrutinize the attorney's

fees requested in this FLSA case as directed by the court in <u>Silva v. Miller</u>, 307 F. App'x 349 (11th Cir. 2009). There, the court explained:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wrong employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

<u>Id.</u> at 352.

In this case, the Court finds it appropriate to approve the costs sought, which amount to $2,500.00, but to reduce the attorney's fees sought in the Settlement Motion by 5%. This Court is afforded broad discretion in addressing attorney's fees issues. <u>See</u> <u>Villano v. City of Boynton Beach</u>, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.")(internal citation omitted).

The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly

rate. <u>Webb v. Bd. of Educ. of Dyer County</u>, 471 U.S. 234, 242 (1985). Thus, the fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rate. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). Further, the fee applicant must support the number of hours worked. <u>Id.</u> If an attorney fails to carry his or her burden, the Court "is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees." <u>Norman v. Hous. Auth. of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988).

In this case, Ms. Liguori's attorney filed an affidavit in support of the attorney's fees sought; however, he did not address the traditional factors relevant to attorney's fees analysis, such as preclusion of other employment, difficulty of the work, complexity, and other matters. (Doc. # 26). After due consideration of the entire file, the Court comes to the conclusion that fee sought is not justified. The Court comes to this conclusion because no hearings were held in this case, no dispositive motions were filed, and the case remained pending for less than one year.

Furthermore, in determining that an across-the-board

4

fee reduction of 5% is necessary, the Court has given great consideration to the following well-known factors: the time and labor required, the novelty and difficulty of the questions, the preclusion of other employment by the attorney due to the acceptance of the case, and the amount involved and the results obtained.[1]

As noted, Ms. Liguori's counsel provided no analysis of these factors in his affidavit or other submissions. At the present moment, the Court is flooded by a deluge of FLSA cases. These cases are not complex and, in this Court's opinion, are not labor-intensive. These cases generally require little time in Court (in the present case, no Court time was required), and it is a rare FLSA case that presents novel or difficult questions for counsel or the Court.

Accordingly, and for the reasons specified above, the Court applies an across-the board reduction of 5% to the requested fee of $15,500.00 to yield $14,725.00.[2] Ms.

---

[1] The Court recognizes that the present order does not address each and every one of the factors set forth in Johnson v. Ga. Highway Exp. Inc., 488 F.2d 714, 719 (5th Cir. 1974) and Norman in detail. Nevertheless, the Court has given due consideration to each factor in reaching the decision to reduce Plaintiff's counsel's fees.

[2] Ms. Liguori's counsel's total recovery is $17,225.00

Liguori's attorney is entitled to $2,500.00 in costs.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  The parties' Joint Motion to Approve FLSA Settlement and Agreement (Doc. # 23), is **GRANTED** as modified above.

(2)  The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Tampa, Florida, this <u>29th</u> day of July, 2010.

_Virgini M. Hernoley Conington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record